IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CAROLYN M. NICHOLSON, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IOC-BOONVILLE, INC. D/B/A ISLE OF CAPRI CASINO HOTEL BOONVILLE,<br><br>　　　　Defendant. | Case No. 2:19-cv-4084-NKL |

### JOINT MOTION TO CONSOLIDATE RELATED CASES
### FOR THE PURPOSE OF SEEKING GLOBAL SETTLEMENT APPROVAL

Carolyn M. Nicholson ("Plaintiff"), individually, and on behalf of all others similarly situated, and IOC-Boonville, Inc. d/b/a Isle of Capri Casino Hotel Boonville ("Defendant") (collectively, the "Parties") hereby submit this Joint Motion Consolidate Related Cases for the Purpose of Seeking Global Settlement Approval, as follows:

1.　　This case is one of five lawsuits currently pending in the Western District of Missouri against various wholly-owned subsidiaries of Isle of Capri Casinos, Inc. (hereinafter, referred to as the "Actions"). The five pending lawsuits are as follows:

- *Cynthia D. Larson v. IOC-Kansas City, Inc. d/b/a Isle of Capri Casino Kansas City*, Case No. 4:16-cv-00902-ODS;

- *Pamela G. Dunlap v. IOC-Caruthersville LLC d/b/a Lady Luck Casino Caruthersville*, Case No. 2:19-cv-4226-NKL;

- *Carolyn M. Nicholson v. IOC-Boonville, Inc. d/b/a Isle of Capri Casino Hotel Boonville*, Case No. 2:19-cv-04084-NKL;

- *Maria L. Smith, et al. v. IOC-Cape Girardeau LLC d/b/a Isle Casino Cape Girardeau*, Case No. 2:19-cv-4228-NKL; and

- *Michael C. Lilley, et al. v. IOC-Kansas City, Inc. d/b/a Isle of Capri Casino Kansas City*, Case No. 4:19-cv-00553-SRB;

2. In each of the above-referenced cases, all of the named plaintiffs are represented by Plaintiff's counsel in this case and all of the defendants are represented by Defendant's counsel in this case. All of the lawsuits allege similar wage and hour claims under both federal and state law against the defendants.

3. Counsel for the parties recently participated in a MAP mediation on November 22, 2019 in this case with noted wage and hour mediator Francis X. Neuner, Jr. of Spencer Fane LLP in St. Louis, Missouri. During that mediation, the parties reached a global settlement in principle of the Actions identified above.

4. On December 5, 2019, the parties participated in a telephone status conference with Judge Laughrey and requested a stay of proceedings for 30 days so that the parties could seek a transfer of the *Dunlap* and *Smith* cases from the U.S. District Court for the Eastern District of Missouri to the U.S. District Court for the Western District of Missouri before consolidating them with this matter for purposes of a global settlement. Judge Laughrey granted the parties' request and encouraged the parties to move forward with seeking the necessary transfers. *See* Doc. 49.

5. On December 27, 2019 the parties filed joint motions to transfer the *Dunlap* and *Smith* cases from the U.S. District Court for the Eastern District of Missouri to the U.S. District Court for the Western District of Missouri, where they could be identified under Western District Local Rule 83.9(c)(4) as "related" to *Nicholson*. On December 30, 2019, Judge Limbaugh granted the parties' joint motions to transfer in both cases. *Dunlap* and *Smith* are now both pending in the U.S. District Court for the Western District of Missouri before Judge Laughrey.

6. Now, pursuant to Fed. R. Civ. P. 42(a), the parties move this Court to consolidate the Actions with the instant case, *Nicholson v. IOC-Boonville, Inc.*, Case No. 2:19-cv-04084-NKL, for purposes of filing a singular motion to approve the global settlement.

7. Pursuant to Fed. R. Civ. P. 42(a)(2), when separate actions before the Court involve common questions of law or fact, the Court may consolidate the actions. Fed. R. Civ. P. 42(a)(2). The single essential requirement is questions of law or fact common to the cases that are to be consolidated. *See Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). Although Fed. R. Civ. P. 42(a) does not expressly so provide, most courts hold consolidation does *not* merge the separate lawsuits into a single action; *i.e.*, the consolidated actions retain their separate character. *Id.* at 235.

8. The Actions involve common questions of law or fact in that the parties have reached a global settlement of virtually identical claims asserted in the Actions against four subsidiary casinos of Isle of Capri Casinos, Inc. in the State of Missouri. Consolidation of the Actions would advance the interests of judicial economy of the Court and prevent inconsistent results, as the parties would file and present only one motion (instead of five separate motions) for global settlement approval to resolve all Actions. Consolidation will also allow the parties to resolve all five Actions on a common basis, thus streamlining and economizing the proceedings by allowing a single judge to oversee the Actions and facilitating the administration and distribution of the settlement to eligible collective members. All parties consent and join in this request to consolidate the Actions for purposes of a global settlement.

9. Upon consolidation of the Actions, the parties plan to file a joint or unopposed motion for approval of the settlement and a proposed order in *Nicholson*.

WHEREFORE, for the foregoing reasons, the parties respectfully request an Order:

(1) consolidating the following Actions with the instant case, Case No. 2:19-cv-04084, for the purpose of seeking approval of a global settlement:

- *Cynthia D. Larson v. IOC-Kansas City, Inc. d/b/a Isle of Capri Casino Kansas City*, Case No. 4:16-cv-00902-ODS;

- *Pamela G. Dunlap v. IOC-Caruthersville LLC d/b/a Lady Luck Casino Caruthersville*, Case No. 2:19-cv-4226-NKL;

- *Maria L. Smith, et al. v. IOC-Cape Girardeau LLC d/b/a Isle Casino Cape Girardeau*, Case No. 2:19-cv-4228-NKL; and

- *Michael C. Lilley, et al. v. IOC-Kansas City, Inc. d/b/a Isle of Capri Casino Kansas City*, Case No. 4:19-cv-00553-SRB.

(2) designating Case No. 2:19-cv-04084-NKL as the "lead case," and all others as subordinate cases;

(3) directing the Clerk of the Court to enter the Court's Order in each of the consolidated cases; and

(4) advising the parties that all future filings shall be made only in the lead case, that no filings are permitted in the subordinate cases, and that each filing shall clearly indicate the relevant case number.

Dated: January 9, 2020        Respectfully submitted,

By: /s/ Ryan L. McClelland
Ryan L. McClelland, MO Bar #59343
Michael J. Rahmberg, MO Bar #66979
McCLELLAND LAW FIRM
*A Professional Corporation*
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone: (816) 781-0002
Facsimile: (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

ATTORNEYS FOR PLAINTIFF

and

By: /s/ Amanda E. Colvin
Charles B. Jellinek, MO Bar #44462
Amanda E. Colvin, MO Bar #61763
Travis Niswonger, MO Bar #68297
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
cbjellinek@bclplaw.com
amanda.colvin@bclplaw.com
travis.niswonger@bclplaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2020, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

By: /s/ Ryan L. McClelland

ATTORNEY FOR PLAINTIFF